LAFARGE CORPORATION, A Maryland Corporation, a Maryland corporation, Plaintiff—Appellant,

v.

TRAVELERS INDEMNITY COMPANY, Defendant,

and

Appalachian Insurance Company, Defendant—Appellee.

No. 00–16996.

D.C. No. CV–96–05938–REC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided March 5, 2002.

Before KOZINSKI, RYMER and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Lafarge Corporation appeals a grant of summary judgment in favor of its excess insurer, Appalachian Insurance Company. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *See Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir.2000). We agree with the district court's statement of the law, but hold that the existence of a disputed factual issue precluded summary judgment in favor of Appalachian.

Because the parties are aware of the facts in this case, we will not recite them in detail in this decision.

■ Lafarge first argues that the district court erred in holding that California law requires horizontal exhaustion before an excess insurer is required to defend or indemnify its insured. We disagree. *See Community Redevelopment Agency v. Aetna Cas. & Sur. Co.*, 50 Cal.App.4th 329, 57 Cal.Rptr.2d 755 (1996).

■ Lafarge also contends that the language of the Appalachian policy requires only exhaustion of the specifically listed underlying policies, not of all underlying insurance. The Appalachian policy does not limit exhaustion to only listed underlying policies. To the contrary, it requires exhaustion of *all* underlying insurance. "Absent a provision in the excess policy specifically describing and limiting the underlying insurance, ... *all* of the primary policies must exhaust before *any* excess will have coverage exposure." *Id.* at 340, 57 Cal.Rptr.2d 755 (emphasis in original). Lafarge's motion for partial summary judgment was correctly denied.

■ Lafarge argues that the district court misapplied the parties' burdens on the motion for summary judgment. The district court correctly assigned the burdens of proof and production on the motion. However, we agree with Lafarge that there exists sufficient evidence to raise a genuine question as to whether the pollution exclusion in one or more of the Travelers policies applied, rendering the policies uncollectible. Specifically, the record reveals a genuine question of fact about whether the pollution was sudden and accidental. Lafarge concedes that the coverage available for pollution-related claims under its Appalachian policy is co-extensive with the coverage under its 1970 Travelers policy. However, the costs Lafarge incurred in administrative proceedings before the Water Board are not covered by the 1970 Travelers policy. *See Foster–Gardner, Inc. v. National Union Fire Ins. Co.*, 18 Cal.4th 857, 77 Cal.Rptr.2d 107, 959

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

P.2d 265 (1998); *Certain Underwriters at Lloyd's, London v. Superior Court,* 24 Cal.4th 945, 103 Cal.Rptr.2d 672, 16 P.3d 94 (2001).

Accordingly, the district court's order granting summary judgment is RE-VERSED. The case is REMANDED for further proceedings consistent with this decision.

KOZINSKI, Circuit Judge, dissenting in part.

The majority relies on *Community Redevelopment Agency v. Aetna Casualty and Surety Co.,* 50 Cal.App.4th 329, 57 Cal.Rptr.2d 755 (Ct.App.1996), for the proposition that the insured must exhaust the limits of the underlying primary policies for all the years during which a continuing loss occurred, but *Community Redevelopment* does not go quite so far. *Community Redevelopment* was not a case about policy limits; it was about a duty to defend. As *Community Redevelopment* explains, under *Montrose Chemical Corp. v. Admiral Insurance Co.,* 10 Cal.4th 645, 42 Cal.Rptr.2d 324, 913 P.2d 878 (Cal. 1995), primary insurers in successive years may, indeed, be liable for contributing to the common defense of a continuing tort claim that spans several policy years. *See Community Redevelopment,* 57 Cal. Rptr.2d at 761. This is so because it is unclear at the beginning of the lawsuit which portion of a continuing claim will be covered by any particular policy; it is sufficient that a claim be *arguably* covered by a policy for the duty to defend to kick in.

Our question is quite different: Does the excess insurer for a particular year avoid liability on a claim arising during a year when the primary policy limits are reached, because the primary limits are not reached in subsequent or prior years? In my view, the answer is no; if the primary policy is exhausted in a particular year, the secondary insurer is liable for the excess, and the existence of primary insurance in other years is not relevant.

Even though a loss may be continuing, it does not follow that it will be homogeneously distributed throughout the period in question. There may be larger losses in earlier years and smaller losses in later years, or vice versa. Because the exact contours of the liability distribution are not known when the lawsuit is brought, the duty to defend applies to all primary insurers within the period of continuing loss. But, once the claims are adjudicated, we know how the losses are allocated and we can tell whether the primary's limits are reached in each policy year. If the primary limits are reached and exceeded for a particular year, no further primary insurance is available for that year and the secondary becomes liable for the excess. This the risk it's been paid to assume.

To illustrate by example, assume six successive primary policies of $1 million each, covering six successive policy years. Also assume excess insurance of $2 million for each of those years. There is a continuing loss and claims are presented for a total of $5 million. Because, under *Montrose,* each of the primaries may wind up being liable for a portion of the $5 million loss, they must each contribute to the common defense of those claims. At the same time, none of the excess insurers is required to contribute, so long as the primary contribution limits remain unexhausted. That's what *Community Redevelopment* holds, and I have no quarrel with it.

But the situation looks quite different after the claims are adjudicated. Assume that, although the loss is continuing, it varies in magnitude over time, so that most of it occurs in the early years, and much smaller portions in the later years. Thus, the losses are distributed as follows:

year one, $2.5 million; year two, $1.5 million; year three, $500,000; year four, $250,000; year five, $150,000; year six, $100,000. In this situation, I see no reason to hold that the excess insurer in year one is off the hook, even though the loss that year far exceeded the limit on the underlying primary policy for that year. Rather, I would hold that the excess insurers in the first two years are liable for $1.5 million and $500,000, respectively. I am aware of no California case that holds to the contrary and I am most reluctant to conclude, as does the majority, that the California courts, if confronted with this situation, would hold that "California law requires horizontal exhaustion before an excess insurer is required to defend *or indemnify* its insured." Maj. Op. at 852 (emphasis added).

In our case, Lafarge and Travelers negotiated a global settlement for an amount less than the aggregate policy limits on the underlying primaries. The settlement allocated the loss non-homogeneously throughout the period. Specifically, for 1970, it allocated $500,000, which exhausted the per occurrence property damage limit for 1970. I agree that Appalachian is not bound by this allocation, which may have been collusive. But the allocation does present a prima facie case of liability for the excess insurer in 1970. If the excess insurer disputes the allocation, it is entitled to present evidence that the allocation does not reflect actual losses during the year in question. But this is a matter of proof, and cannot be won by the excess insurer on summary judgment.

Therefore, while I agree with the majority that Appalachian should be entitled to prove that some of the underlying primary coverage is not collectible, I would also remand for consideration of the proper allocation of losses for the various years during the period of the continuing loss.